Sterling J. Stires, Esq.; SBN 199218
sstires@hwbca.com
Holmes Weddle & Barcott, P.C.
401 West A Street, Suite 1800
San Diego, California 92101
Telephone (619) 358-9987; Fax (619) 487-9551

Attorneys for Limitation Plaintiff Pacific Maritime Freight, Inc.
dba Pacific Tugboat Service

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PACIFIC MARITIME FREIGHT, INC., DBA PACIFIC TUGBOAT SERVICE, A CALIFORNIA CORPORATION, FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | IN ADMIRALTY<br><br>Case No. '17CV0995 BEN AGS<br><br>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY BY PACIFIC MARITIME FREIGHT, INC., DBA PACIFIC TUGBOAT SERVICE<br><br>[46 USCA 30501 et seq.] |

Limitation Plaintiff Pacific Maritime Freight, Inc., dba Pacific Tugboat Service, a California corporation, (hereinafter “PTS” or “Limitation Plaintiff”) by and through their attorneys of record, for their complaint in admiralty, allege on information and belief a cause of action for exoneration from or a limitation of liability, civil and maritime, within Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter referred to as the “Supplemental Rules”), as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and based upon the facts described herein. The complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, the Supplemental Rules, Rule F, and 28 U.S.C. section 1333. Therefore, this Court has jurisdiction over this matter.

2. PTS is the owner/operator of the crew vessel previously known as the M/V CRAIG G (now known as M/V TY WOODS), which has the official number 647858 (hereinafter, the "Vessel"). The Vessel can be found within this Court's district, and therefore, this Court is the correct venue for this matter to be heard.

3. The hereinafter described incident occurred in high seas off the coast of California, approximately 150 miles offshore from San Diego, California.

4. Not more than six months have elapsed since the receipt by Limitation Plaintiffs of any written notice of any claim arising out of the occurrence or voyage in question that put Limitation Plaintiffs on notice that a claim may exceed the value of the Vessel.

## GENERAL ALLEGATIONS UNDER LIMITATION OF LIABILITY ACT

5. Limitation Plaintiff is a California corporation and is the owner and/or operator of the Vessel, which has the official number 647858, and is approximately 94 feet in length.

6. Limitation Plaintiff are the owners and/or operators of the Vessel, and by virtue of its ownership interest, dominion, and control of the Vessel, it is therefore the "owner" of the Vessel as the term is applied under the Limitation of Liability Act, 46 U.S.C. section 30501 et seq.

7. Limitation Plaintiff, prior to the accident described herein, and at all material times, has exercised due diligence to ensure said marine vessel was seaworthy, and the vessel was at all materials times, including the date of the subject accident hereinafter described, staunch, tight, strong, fully and properly manned,

equipped and supplied, and in all respects seaworthy and fit for the service in which the vessel was engaged.

5. On or about January 17, 2016, at approximately 2:10 p.m., an incident occurred when the only known potential claimant, Steve Trollinger ("Trollinger"), was injured when transferring from a barge, operated by Space Exploration Technology Corporation (known as, and hereinafter referred to as "SapceX") to the Vessel. During the transfer process, Trollinger slipped and his left leg was pinched between the SpaceX barge and the Vessel, which caused severe injuries.

6. At all material times, the Vessel was in navigable waters off of the coast of California.

7. The subject accident described above, and all the alleged damages and losses resulting therefrom, were not caused by any negligence or fault of Limitation Plaintiff, but were caused as a result of the consequence of the negligence of Trollinger and/or SpaceX, and/or others.

8. Limitation Plaintiff was without privity or knowledge of any unseaworthiness of the Vessel preexisting the subject voyage, and without privity or knowledge of any negligent act or omission that may have led to in any way caused the accident at issue.

9. At the time of the subject accident, the Vessel was used as a marine vessel to transport persons to and from shore to ship, ship to shore, and/or ship to ship.

10. There are no other demands, unsatisfied liens or claims of liens against the Vessel or any suits pending in connection therewith. Limitation Plaintiff is informed and believes and thereupon alleges, that the amount of the claims by Trollinger may exceed the value of the Vessel at the time of the subject accident.

11. The Limitation of Liability Act, specifically at 46 U.S.C. section 30505, provides:

(a) In general – [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and

pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportional interest in the vessel and pending freight.

(b) Claims subject to limitation – Unless otherwise excluded by law, claims, debts, and liability subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss damage, or forfeiture, done, occasion, or incurred, without the privity or knowledge of the owner.

12. The appropriate fair market value of the Vessel and pending freight on January 17, 2016, after the occurrence in question and at the conclusion of the voyage was approximately $558,541.64.

13. This complaint is filed within six months after notice was first received by plaintiff that Steven Trollinger intended on seeking damages from Limitation Plaintiff, and no other written notices or claim for damages has been given to the Limitation Plaintiff by anyone at any time more than six months prior to the filing of this complaint.

14. Without waiving any defenses they may have, Limitation Plaintiff Pacific Maritime Freight, Inc., dba Pacific Tugboat Service, as owners and operators of the transport business which the Vessel was an asset of said business, hereby claim exemption and exoneration from liability for any and all losses or damages of any kind incurred by or resulting from the aforesaid subject accident or otherwise arising out of the operation of the Vessel, and Limitation Plaintiff alleges that they have valid defenses thereto in fact and in law. Limitation Plaintiff further claims the benefits of the limitation of liability provided by the Limitation of Liability Act, 46 USC section 30501 et seq., and to that end, Limitation Plaintiff is willing to proceed according to law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

15. Limitation Plaintiff further desired that an injunction be issued by this court restraining the prosecution of any and all suits or claims which have been, may have been, or may hereafter be made against them in any court whatsoever to recover damages from any and all losses or damages occasioned by or incurred by, or in any way resulting from, the aforesaid voyage or in any way consequent upon or otherwise arising out of the voyage in question, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding against Limitation Plaintiff, its agents, servants or employees, in respect of any claim or claims arising out of the aforesaid voyage or in any way resulting therefore or consequent thereupon or otherwise arising out of the voyage on which the Vessel was then engaged.

16. As noted above, the value of the Vessel at, or very close to, the time of the subject accident was $558,541.64. PTS is, therefore, simultaneously with the filing of the Complaint for Exoneration and/or Limitation of Liability, submitting a Letter of Undertaking in the amount of $558,541.64 as security per Supplemental Rule F.

17. Further, and simultaneously with the filing of the Complaint for Exoneration from and/or Limitation of Liability, Limitation Plaintiffs post security for costs, pursuant to Southern District Local Rule Civil Rule F.1 (CivLR F.1), in the amount of $500.

WHEREFORE, Limitation Plaintiff Pacific Maritime Freight, Inc., dba Pacific Tugboat Service prays as follows:

1. That this Court issue an injunction restraining the prosecution of any and all suits, actions or legal proceedings which have been, may have been or may hereafter be made against Limitation Plaintiff, its agents, servants or employees, in any court whatsoever to recover damages for any and all losses or damages occasioned by or incurred by, or in any way resulting from, the aforesaid voyage or in any way consequent upon or otherwise arising out of the voyage in question, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding against Limitation Plaintiff, its agents, servants or employees, in respect of any claim or claims

arising out of the aforesaid voyage or in any way resulting therefrom or consequent thereupon or otherwise arising out of the voyage on which the Vessel was then engaged, or otherwise subject to limitation in these proceedings, except in the instant proceeding in respect of any claims arising out of the aforesaid voyage;

2. That this Court adjudge that Limitation Plaintiff is not liable to any extent for any loss or damage for any claims whatsoever in any way arising out of or in consequence of the aforesaid voyage;

3. If Limitation Plaintiff shall be judged liable, then Limitation Plaintiff's liability be limited to $558,541.64 in damages, and that a decree be entered discharging Limitation Plaintiff from any and all further liability;

4. That this court enter an order directing the issuance of notice against all persons and/or entities claiming damages for any and all losses or damages occasioned or incurred by or in any way resulting from the subject accident or arising therefrom or otherwise arising out of the voyage in which the marine vessel CRAIG G was then engaged, or otherwise asserting any claim with respect to which the Limitation Plaintiff seeks exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with the clerk of this court and to serve on or mail copies thereof to the attorneys for the Limitation Plaintiff herein named on or before the date to be specified in said monition, and to make due proof of their respective claims, and further to file their respective answers, if any, to the allegations of this Complaint on or before the date to be specified in the notice, all as provided by law and by the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases;

5. That this Court enter an order directing that said notice be published such newspapers as the court may direct or as may otherwise be specified by the rules of this court for legal publication once a week for at least four consecutive weeks prior to the date specified in said notice for the filing of the claims herein, and that a copy of said notice be served on the respective attorneys for all person or other legal entities

who have filed or begun suits for damage, loss or destruction or arising out of or related to the aforesaid voyage, together with a copy of the order directing the issuance of the notice;

6. That this Court enter an order stating that Limitation Plaintiff has complied with Supplemental Rule F(1), which requires the posting of security for value of the Vessel and for costs, and has complied with Supplemental Rule F(2), which required a complaint for exoneration and/or limitation to contain certain information; and

7. That Limitation Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED: May 15, 2017

HOLMES WEDDLE & BARCOTT, P.C.

By:/s/ Sterling J. Stires
Sterling J. Stires,
Attorneys for Limitation Plaintiff
Pacific Maritime Freight, Inc. dba
Pacific Tugboat Service